[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STAY PROCEEDING)
On or about September 8, 2000, the plaintiff filed an Application for Order to Proceed with Arbitration seeking an order pursuant to[1]
General Statutes § 52-410 directing the defendants to proceed with arbitration. The plaintiff, is the national franchiser of the "Subway" sandwich shops and is a Florida corporation with its principal place of business in Fort Lauderdale, Florida. It maintains an office in Milford, Connecticut.
The defendant is a present or former "Subway" franchisee who entered into a written franchise agreement with the plaintiff permitting them to operate Subway sandwich shops. The written franchise agreement between the parties contains an arbitration clause which provides as following in paragraph 10, subsection c.:
 "Any controversy or claim arising out of or relating to this contract or the breach thereof shall be settled by Arbitration in accordance with the Commercial Arbitration Rules of the American Association at a hearing to be held in Bridgeport, Connecticut, and judgment upon an award rendered by the Arbitrator' (s) may be entered in any court having jurisdiction thereof. The commencement of arbitration proceedings by an aggrieved party to settle disputes arising out of or relating to this contract is a condition precedent to the commencement of legal action by either party. . . ."
Paragraph 12 of the franchise agreement states:
 "This agreement shall be governed by and construed in accordance with the laws of the State of Connecticut and contains the entire understanding of the parties. . . ."
Paragraph I of the Agreement states that the "Franchisee represents and he understands and agrees to be bound by the terms, conditions and obligations of the Agreement."
On or about September 7, 2000, the plaintiffs in accordance with the arbitration clause in the Agreement filed with the American Arbitration CT Page 5683 Association a demand for arbitration in Bridgeport, Connecticut alleging a franchise dispute with the defendant, arising out of or relating to, the franchise agreement. The defendant is a present or former resident of New Port Richey, Florida. To compel said arbitration, the plaintiff had filed the subject action. A hearing on the Application for Order to Proceed with Arbitration was scheduled for October 10, 2000 at the Superior Court for the Judicial District of Ansonia-Milford at Milford, Connecticut and then continued to November 13, 2000.
On November 13, 2000, the defendant by way of counsel filed a motion to stay the present matter to allow the parties to litigate a related matter which has been pending in Illinois. The court has held this matter in abeyance while deciding jurisdictional matters in companion cases identified as Doctor's Associates, Inc. v. Dennis M. Despain and TerryDespain, CV00 07 17 78; Doctor's Associates, Inc. v. Ruth Reed, CV00 07 17 76 and Doctor's Associates, Inc. v. Charles Smith, III, CV00 07 17 79.
The court on April 25, 2001 has rendered decisions in those files, denying motions to dismiss for lack of jurisdiction by the Connecticut Courts. Those matters are ready to advance with further proceedings. The court for the reasons set forth in those companion matters finds no reason for any further delay in the instant action.
Accordingly, the motion to stay is denied.
THE COURT
ARNOLD, J.